SullxvAN, J.
— This was a proceeding under the “act authorizing the seizure of boats and other vessels for debt.” Rev. Stat., 1838, p. 120. The plaintiff’s demand, as stated in his affidavit, was for work and labour done in building the packet boat Clyde, and furnishing materials, at the request of McAllister, master and owner thereof. To the dec--iaration filed, the defendant pleaded, 1, Non assumpsit; 2, Payment. Verdict and judgment for defendant.
The case comes before us on exceptions taken to the instruc- *158 lions of the Court to the jury. The instructions were as follows, viz.: 1, As each and all the hands that worked on the boat in constructing it, had and have a right to seize it for any work any or either of them did, Southwick had no right to claim for the services of any of his hands that he had not paid off. 2, Proof of an attempt to settle the account by McAllister and the plaintiff, and a failure to agree, is not sufficient evidence of a demand of payment by plaintiff and refusal by defendant. 3, If McAllister had already paid a sum, which, with the claims outstanding in favour of others for work done and materials found, amounted to the worth or value of the boat and materials furnished, the plaintiff could not recover. 4, The plaintiff can only recover the value of his labour and materials found at the place of building the boat, unless there was a special contract to pay a larger sum. 5, The jury should not presume that the plaintiff performed the work, or furnished the materials, named in the declaration; it must be proved that he did so, or that he superintended the work.
We are of opinion that the Court erred in the first instruction. It assumes that all “the hands” that worked upon the boat while it was building, by whomsoever employed,' have a lien upon the boat for the value of their- labour. This assumption is not warranted by the statute. The lien is given, by the first section of the act, to those only whose debts accrued on a contract made with the master, owner, &c., of the vessel. The second and third sections of the act are of the same import. By the second section it is provided, that any person having a demand contracted as aforesaid may *have a warrant, &c. The third section authorizes all persons having demands of the description aforesaid, to join in a declaration against such boat or vessel, briefly setting forth their demands and whether at the request of the master, owner, &c. It was therefore no defense to this action, that Southwick had not paid off the hands employed by him to labour on the boat. Their services were not performed at the request of the roaster or owner of the boat, but on a contract with Southwick, and they must look to him for payment. -
D. H. Colerielc and W. H. Coombs, for the plaintiff.
17. Wright and JT. Cooper, for the defendant.
The second instruction was also wrong. If there was testimony, that the parties to the contract met and attempted to settle the account for building the boat, and could not agree, but separated without making the settlement, it should have been left to the jury to decide whether it amounted to proof of a demand and refusal or not. Its sufficiency would depend materially on the conduct and conversation of the parties at the interview, and the jury, not the Court, should have judged of its weight.
The third instruction, if we understand it correctly, is erroneous for the reasons given in examining the first instruction.
The fourth and fifth instructions are substantially correct.
On account of the misdirection of the Court in the first,second, and third instructions, the judgment must be reversed.
Per Quriam.—The judgment is reversed with costs. Cause remanded, &c.